IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER EKELER and SHELLEY EKELER, <br> Plaintiffs, <br> vs. <br> FEDERAL EMERGENCY MANAGEMENT AGENCY, <br> Defendant. | 8:21-CV-65 <br><br> MEMORANDUM AND ORDER |

Plaintiffs, Christopher Ekeler and Shelley Ekeler ("the Ekelers"), brought suit against Defendant, the Federal Emergency Management Agency ("FEMA"), seeking damages for FEMA's alleged breach of contract pursuant to 42 U.S.C. § 4072. Filing 1 at 1. This matter is now before the Court on FEMA's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Filing 12. FEMA asserts that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the government has not waived its sovereign immunity in this case. Filing 14 at 2. FEMA further argues that even if this Court had jurisdiction, the Ekelers' failure to comply with the requirements of their insurance contract merits dismissal under Federal Rule of Civil Procedure 12(b)(6). Filing 14 at 2. Finally, in the alternative, FEMA argues that the Appropriations Clause, U.S. Const. art. I, § 9, cl. 7, entitles FEMA to summary judgment. Filing 14 at 2. For the reasons stated below, the Court grants FEMA's 12(b)(1) motion and dismisses the Ekelers' claims against it based on sovereign immunity. Because the Court does not have jurisdiction over the Ekelers' claims, it need not address FEMA's alternative 12(b)(6) and summary judgment arguments.

I.     **BACKGROUND**

The following is a summary of facts in the Complaint and agreed upon by the parties in their briefs. The Ekelers allege FEMA breached its contract with them by refusing to pay for damages to the Ekelers' home resulting from a flood on March 16, 2019. Filing 1 at 3. The alleged breach arises from FEMA's denial letter dated March 17, 2020, Filing 13-1 at 72 (Attach. H), which denied coverage on a proof of loss submitted by the Ekelers on February 28, 2020, Filing 13-1 at 55-71 (Attach. G); *see also* Filing 17 at 10; Filing 1 at 4 (describing the Ekelers' demand for $61,642.36, the amount listed on the proof of loss dated February 28, 2020, before subtracting the Ekelers' $2,000 deductible). FEMA argues that the Ekelers' claims were untimely under the terms of the insurance policy because they were made more than sixty days after March 16, 2019, the date of the loss. Filing 14 at 14-19. Thus, FEMA argues, there has been no effective waiver of sovereign immunity that would allow the Ekelers to recover against it. Filing 14 at 14-19.

FEMA issued a flood insurance policy to the Ekelers through the National Flood Insurance Program covering the Ekelers' home in Papillion, Nebraska. Filing 1 at 2. The Ekelers' policy was the Standard Flood Insurance Policy ("SFIP") issued by FEMA and codified at 44 C.F.R. Pt. 61, app. A(1). Filing 14 at 10. The SFIP requires insured parties to send a signed and sworn statement of loss for any amount claimed under the policy after a flood, called a "proof of loss." 44 C.F.R. Pt. 61, app. A(1), Art. VII, § J(4). The proof of loss must contain, inter alia, the following information: the date and time of loss; a brief explanation of how the loss happened; details of any other insurance which may cover the loss; specifications of the damages and detailed repair estimates; the claimant's interest in the property. *Id.* Any proof of loss must be sent to FEMA "[w]ithin 60 days after the loss." *Id.*

Following the March 2019 flood, the Ekelers timely filed a proof of loss in the amount of $41,158.69 with assistance from an adjuster hired by FEMA. Filing 13-1 at 12-35 (Attach. B);

Filing 17 at 3. FEMA paid that claim in full. Filing 14 at 11. In documentation supporting the proof of loss, the Ekelers' adjuster included an estimate for damage to the underground plumbing and a patio. Filing 13-1 at 20 (Attach. B). FEMA sent a denial letter regarding the patio and underground plumbing on May 7, 2019, because those items were not covered by the SFIP. Filing 14 at 11. The Ekelers filed a second proof of loss on May 15, 2019, for damage to their air conditioning, furnace, evaporator coil, dehumidifier, and air conditioner condenser pad totaling $5,555.61. Filing 17 at 3; Filing 13-1 at 12-35 (Attach. B). May 15, 2019, was the sixtieth day after the incident which caused the loss. Filing 14 at 11. On May 29, 2019, FEMA sent a letter denying $100 of the claim, finding the Ekelers' air conditioning condenser pad was not covered under the SFIP; FEMA paid the Ekelers the remaining $5,455.61 of the claim. Filing 13-1 at 52 (Attach. E). The Ekelers do not allege a breach of contract for the denial letters sent on May 7 and May 29, 2019. Filing 17 at 10.

The Ekelers and FEMA had no contact after the May 29, 2019, denial letter until the Ekelers hired their own public adjuster and submitted a new estimate on January 22, 2020—more than 300 days after the March 16, 2019, flood event. Filing 13-1 at 5-6; Filing 17 at 3. FEMA responded to the Ekelers that it could not issue additional payments for the estimation without "copies of documents showing . . . the actual cost to repair or replace flood-damaged items." Filing 13-1 at 53-54 (Attach. F). FEMA instructed the Ekelers to submit a proper proof of loss. Filing 13-1 at 53-54 (Attach. F). The Ekelers sent a second estimate and a proof of loss on February 28, 2020, claiming $59,642.36 in damages related to the flood on March 16, 2019. Filing 13-1 at 55-71 (Attach. G). FEMA denied the claim on March 17, 2020, because it was "unable to consider an additional payment for differences in costs based on an estimate" from the adjuster the Ekelers hired. Filing 13-1 at 72 (Attach. H). FEMA again requested receipts or itemized estimates from a contractor actually hired by the Ekelers. Filing 13-1 at 72 (Attach. H).

FEMA hired an adjuster to inspect the Ekelers' property who issued two estimates on April 25, 2020: $297.56 for repairing damage to the house wrap and $128.77 for costs to clean the exterior walls. Filing 17 at 4. A FEMA-hired engineer submitted a report dated June 1, 2020, regarding damage to the concrete masonry walls, slab, and retaining walls. Filing 17 at 4; Filing 13-1 at 73-135 (Attach. I). FEMA denied coverage of the wall damage on June 25, 2020, because the engineer indicated the damage was caused by "earth movement," which is excluded under the SFIP "even if the earth movement is caused by flood." Filing 13-1 at 136-37 (Attach. J); SFIP Art. V, *published at* 44 C.F.R. Pt 61, App. A(1) ("We do not insure for loss to property caused directly by earth movement even if the earth movement is caused by flood."). On July 21, 2020, the Ekelers submitted a proof of loss to FEMA for $128.77, relying on the FEMA adjuster's April 25, 2020 estimate. Filing 17 at 4. On July 30, 2020, FEMA agreed to pay the $128.77 and granted a limited waiver to the 60-day proof of loss provision for this $128.77 claim. Filing 13-1 at 145-46 (Attach. L) ("[Y]our request for a waiver of the 60 day Proof of Loss policy provision is approved. This limited waiver is for the amount of the loss . . . outlined in this request and otherwise does not waive the proof of loss or any other requirement of the [SFIP]"). FEMA did not grant a waiver and denied further costs related to cleaning, a temporary toilet, and supervision and labor that the adjuster had noted because the Ekelers failed to provide documentation supporting these costs. Filing 13-1 at 147-49 (Attach. M).

Altogether, the Ekelers were paid $46,743.07 by FEMA between March 16, 2019, and July 30, 2020. The Ekelers ask the Court to enter judgment against FEMA in an amount "not less than $61,642.36." Filing 1 at 4. This number appears on the proof of loss submitted on February 28, 2020, and denied on March 17, 2020. Filing 13-1 at 55-72 (Attach. G, H). The Ekelers filed their

4

complaint on February 19, 2021, which is within one year of the March 17, 2020 denial letter. Filing 1 at 4; Filing 13-1 at 72 (Attach. H).

## II. DISCUSSION

### A. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Rule 12(b)(1) . . . governs challenges to subject matter jurisdiction." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993). Sovereign immunity "is a jurisdictional threshold matter." *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 670 (8th Cir. 2015) (quoting *Harmon Indus., Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999)). "The burden of proving federal jurisdiction . . . is on the party seeking to establish it." *Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

"Trial courts have 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). The Court "has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* at 962 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B. Analysis

For the reasons stated below, the Court finds it does not have jurisdiction over the Ekelers' claims against FEMA because FEMA is shielded by sovereign immunity. Sovereign immunity

bars insurance-contract claims under the SFIP against FEMA when policyholders do not comply with the terms of the policy. The Ekelers did not comply with the terms of their policy when they submitted a proof of loss more than sixty days after the loss occurred. Further, FEMA's correspondence with the Ekelers and its actions following the untimely proof of loss do not amount to affirmative misconduct justifying a waiver of the sixty-day requirement in the SFIP. Thus, sovereign immunity bars the present claim against FEMA, and the Court lacks jurisdiction to hear the Ekelers' case.

1. *The SFIP Does Not Waive FEMA's Sovereign Immunity Unless All Provisions Are Met*

The Ekelers' claim in this case is against an agency of the United States government. "As the sovereign, the United States of America enjoys immunity from suit, absent a waiver." *Great Rivers Habitat All.*, 615 F.3d at 988-89 (citing *FDIC v. Meyer*, 510 U.S. 471 (1994)). Sovereign immunity is "jurisdictional in nature." *Meyer*, 510 U.S. at 475. "Waivers of immunity must be construed strictly in favor of the sovereign." *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005) (citing *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992)). To determine whether FEMA has waived its sovereign immunity, this Court considers the following: federal law, including the SFIP promulgated in the Code of Federal Regulations; undisputed facts alleged in the complaint and the briefs; and the proof-of-loss statements and denial letters contained in Filing 13-1. *See Johnson*, 534 F.3d at 964 ("Trial courts have 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" (quoting *Holt*, 46 F.3d at 1003)).

To survive FEMA's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Ekelers must prove that FEMA waived its sovereign immunity. *See Great Rivers Habitat All.*, 615 F.3d at 988 ("The burden of proving federal jurisdiction . . . is on the party seeking to establish

it."). Congress provided for a waiver of FEMA's sovereign immunity in relation to insurance claims by statute:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, *the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator* on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added). The Ekelers contend FEMA's denial letters dated March 17, 2020, and June 25, 2020, provide this Court with jurisdiction over their claims because they brought suit within one year of the date FEMA mailed these denial letters. Filing 17 at 10. However, the SFIP, which is both the Ekelers' policy and a federal regulation promulgated in the C.F.R., contains a provision stating:

> *You may not sue us* to recover money under this policy unless you have complied with *all the requirements of the policy*. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

SFIP, art. VII, § R, *published at* 44 C.F.R. Pt. 61, app. A(1) (emphasis added).

The SFIP "is more than a contract: it is also a regulation . . . stating the conditions under which federal flood-insurance funds may be disbursed to eligible policy holders." *McCarty v. S. Farm Bureau Cas. Ins. Co.*, 758 F.3d 969, 972 (8th Cir. 2014) (quoting *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001)). The SFIP's "'procedural requirements' have jurisdictional implications because these requirements 'constitute conditions precedent to a waiver by the federal

7

government of its sovereign immunity.'" *Id.* (quoting *Wagner v. FEMA*, 847 F.2d 515, 518 (9th Cir. 1988)). "Given the unique nature of the [National Flood Insurance Program], precise adherence to the SFIP's requirements is necessary as a constitutional matter to prevent the judiciary from drifting beyond Article III." *Id.*

FEMA retains its sovereign immunity by not consenting to suits where the policyholder has not complied with "all the requirements" of the SFIP. SFIP, art. VII, § R. Because "[w]aivers of immunity must be construed strictly in favor of the sovereign[,]" FEMA only waives sovereign immunity for policyholders who meet each and every requirement in the SFIP. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d at 917 (citing *U.S. Dep't of Energy*, 503 U.S. at 615). If the Ekelers did not comply with the terms of their policy, FEMA retains its sovereign immunity under the procedural requirements of the SFIP, art. VII, § R.

> 2. *The Ekelers Did Not Comply with the SFIP When They Sent a Proof of Loss More Than Sixty Days After the Loss*

The SFIP requires that claimants file any proof of loss within sixty days of a flood event. SFIP, art. VII, § J(4), *published at* 44 C.F.R. Pt. 61, app. A(1) ("Within 60 days after the loss, send us a proof of loss . . . ."); *see also* § J(7) ("[Y]ou must . . . send us a proof of loss within 60 days after the loss . . . ."). The proof-of-loss requirement in the SFIP will be strictly construed. *See Dickson v Am. Bankers Ins. Co. of Fla.*, 739 F.3d 397, 399 (8th Cir. 2014) ("[T]he proof of loss requirement is a regulatory limit on the disbursement of funds through a federal insurance program; as such 'it is to be strictly construed . . . .'" (quoting *Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 773 (8th Cir. 2013))). "[A] strict construction of the SFIP is needed to protect sovereign immunity when federal funds are in question and to ensure uniformity in 'the diverse jurisdictions

8

inundated with flood insurance disputes in the aftermath of natural disasters.'" *Gunter*, 736 F.3d at 774 (quoting *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 84 (1st Cir. 2013)).

The Ekelers did not comply with the terms of the SFIP when they submitted a proof of loss more than sixty days after the loss. The loss occurred on March 16, 2019, and any proof of loss sent after May 15, 2019, sixty days after March 16, 2019, fails to comply with the SFIP's requirements. *See* SFIP, art. VII, § J(4), *published at* 44 C.F.R. Pt. 61, app. A(1). The Ekelers are not challenging the denials for the proof-of-loss statements sent before May 15, 2019. Filing 17 at 10. Instead, the Ekelers challenge the denial letter sent on March 17, 2020, in response to the proof of loss sent February 28, 2020. Filing 17 at 10; Filing 13-1 at 55-71 (Attach. G); Filing 1 at 4. The proof of loss at issue was sent nearly a year after the March 16, 2019 flood and is therefore out of compliance with the sixty-day requirement in art. VII, § J(4) of the SFIP. Because the Ekelers did not strictly comply with their policy's terms, they must demonstrate some other waiver of sovereign immunity by FEMA, or their claim is barred.

3. *FEMA Did Not Waive the Sixty-Day Proof-of-Loss Requirement by Instructing the Ekelers to Submit an Additional Proof of Loss*

The Ekelers contend that by instructing the Ekelers to submit additional proof of loss statements more than sixty days after their loss, FEMA waived the sixty-day requirement. The sixty-day requirement is "one of the [SFIP]'s most important requirements," and it is strictly construed in the face of any alleged waiver. *McCarty*, 758 F.3d at 974. "We do not interpret [the insurer's non-waiver agreement] to waive [the proof of loss requirement,] one of the policy's most important requirements . . . . We must employ the strict mode of construction required by federal common law." *Id.* (citing *Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 773-74 (8th Cir. 2013)). No provision of the SFIP can be waived "without the express written consent of the Federal Insurance

9

Administrator." SFIP, Art. VII, § D, *published at* 44 C.F.R. Pt. 61, app. A(1); *see also McCarty*, 758 F.3d at 974 (quoting 44 C.F.R. § 61.13(d)) ("FEMA's regulations expressly prohibit insurers from altering, varying, or waiving any 'provision' of the SFIP 'other than by the express written consent of the Federal Insurance Administrator . . . .'"). Further, supposed "[w]aivers of immunity must be construed strictly in favor of the sovereign," so any applicable waiver must be clear and unequivocal. *See In re Operation of Mo. River Sys. Litig.*, 418 F.3d at 917.

The Ekelers have not demonstrated an "express written consent" from the Federal Insurance Administrator and instead argue an implied waiver for the $61,642.36 they seek to recover. However, an implied waiver is not allowed under the terms of the SFIP, nor under the law. *See McCarty*, 758 F.3d at 973 ("Adhering to the law, we have steadfastly refused to adopt those theories [of waivers to the proof of loss requirement] and open the floodgates."); *Mancini*, 248 F.3d at 735 (dismissing a claim against FEMA where plaintiffs did not sign the proof of loss document, despite their third-party insurer accepting the form). That FEMA sent a denial letter after claimants filed an untimely proof of loss does not constitute a waiver to the provisions in the SFIP. *See Wagner*, 847 F.2d at 519-20 (dismissing a claim against FEMA where plaintiffs did not file a proof of loss within sixty days and where FEMA did not reject the claims as untimely). Further, that FEMA paid out a part of the untimely proof of loss is not express consent to waive the sixty-day requirement for any other untimely claims under the strict construction of the SFIP required by federal law. *See McCarty*, 758 F.3d at 974. FEMA did not expressly consent to waiving the sixty-day requirement articulated in Art. VII, § J of the SFIP for the amount claimed; therefore, the Ekelers' waiver argument must fail. The waiver in Filing 13-1 at 144-45 (Attach. L) is expressly limited to the $128.77 claimed and cannot be expanded to the much larger amount the Ekelers seek in this lawsuit.

The Ekelers, like the plaintiffs in *Mancini*, effectively argue that this Court should apply the doctrine of equitable estoppel "to prevent the enforcement of a federal regulation." *Mancini*, 248 F.3d at 734. The Eighth Circuit rejected such an argument:

> We are powerless to do so on the facts presented here. The Supreme Court has long and consistently held that "the Government may not be estopped on the same terms as any other litigant." Although the Court has left open the possibility that "affirmative misconduct" might justify estoppel against the government in some circumstances, we see no such misconduct here. Moreover, the Supreme Court has made clear that estoppel cannot be used to compel the government to pay money from the federal treasury beyond the limits of a congressional appropriation. Because we have concluded that the proof-of-loss requirement in the SFIP defines such a limit, the Mancinis' estoppel argument necessarily fails.

*Id.* (citations omitted). As in *Mancini*, the Ekelers do not demonstrate affirmative misconduct to justify estoppel or waiver of sovereign immunity provided for in the SFIP, art. VII, § D. The Ekelers argue that FEMA's letters instructing them to submit an untimely proof of loss, coupled with hiring a forensic engineer, amount to a waiver of the sixty-day provision, Filing 17 at 11, but they do not show that these actions amount to misconduct or express consent to waive.

Without demonstrating misconduct or express consent to waive the sixty-day requirement, this Court finds that SFIP, art. VII, § D prevents the Ekelers from pursuing their claim due to FEMA's sovereign immunity. *McCarty*, 758 F.3d at 972 ("'[T]he SFIP's procedural requirements' have jurisdictional implications because these requirements 'constitute conditions precedent to a waiver by the federal government of its sovereign immunity.'" (quoting *Wagner*, 847 F.2d 515, 518 (9th Cir. 1988))). 42 U.S.C. § 4072 does not provide a basis for waiving sovereign immunity when the SFIP explicitly disallows such a waiver. That the Ekelers failed to comply with the sixty-day requirement in their policy means that FEMA did not waive its sovereign immunity. Therefore, this Court does not have jurisdiction over the Ekelers' claims and need not address the alterative arguments FEMA makes for dismissal. The case is dismissed.

### III. CONCLUSION

For the reasons set forth above, FEMA's Motion to Dismiss, Filing 13, is granted.

**IT IS ORDERED:**

1. FEMA's Motion to Dismiss, Filing 13, is granted;

2. Plaintiffs' Complaint, Filing 1, is dismissed; and

3. The Court will enter a separate Judgment.

Dated this 23rd day of July, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge